**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-1822**

---

ISMAIL AHMED MOHAMMED,

        Petitioner,

    v.

MICHAEL B. MUKASEY, Attorney General,

        Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted: April 1, 2008        Decided: July 15, 2008

---

Before MICHAEL, MOTZ, and KING, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Solomon Bekele, LAW OFFICES OF SOLOMON & ASSOCIATES, Silver Spring, Maryland, for Petitioner. Jeffrey S. Bucholtz, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, Thankful T. Vanderstar, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ismail Ahmed Mohammed, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order finding him removable and denying his applications for asylum, withholding from removal, and withholding under the Convention Against Torture ("CAT"). Mohammed challenges the Board's adverse credibility finding and claims the Board failed to consider Mohammed's independent documentary evidence. We deny the petition for review.

The Immigration and Naturalization Act ("INA") authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). The INA defines a "refugee" as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). An applicant can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2007). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

- 2 -

An applicant has the burden of demonstrating his eligibility for asylum. 8 C.F.R. § 1208.13(a) (2007); Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). A determination regarding eligibility for asylum is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). This court will reverse the Board "only if the evidence presented by the petitioner was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted).

We find sufficient evidence supports the Board's adverse credibility finding and the record does not compel a different result. Accordingly, we will not disturb the Board's denial of Mohammed's application for asylum, withholding from removal, and protection under the CAT.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED